UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMITRIUS LEVERETTE WELCH, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) No. 1:15-cv-00033-WTL-DML |
| SUPERINTENDENT New Castle Correctional Facility, | ) ) ) ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Demetrius Welch for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 14-12-0088. For the reasons explained in this Entry, Welch's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On December 2, 2014, Correctional Officer Cox issued a Report of Conduct charging Welch with possessing offensive material in violation of Code B-246. The Report of Conduct states, "On December 2, 2014, at approximately 1630 while doing Offender Welch #195390 property [search] I Officer Cox found several offending drawings/artwork depicting what appears to be child pornography in nature.--- CAC." Welch was notified of the charge on December 9, 2014, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Welch did not seek to call any witnesses or request any evidence.

The Hearing Officer conducted a disciplinary hearing on December 9, 2014. Welch stated, "'This is art not offensive.' Drawing characters is not ag[a]inst DOC policy. I will accept a 353 not a Class 'B.'" The Hearing Officer found Welch guilty of violating Code B-246 based on staff reports, statement of the offender, pictures and drawings. The sanctions imposed included a 30-day restriction of privileges, 3 months of disciplinary segregation, 90 days of lost earned credit time, and the demotion from credit class I to II. The Hearing Officer imposed the sanctions because of the seriousness, frequency, and nature of the offense.

Welch's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Welch challenges the sufficiency of the evidence against him. He does not dispute that the images at issue belonged to him, but he challenges his disciplinary conviction arguing that the images are more properly characterized as art, rather than child pornography.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits

has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."). Welch was charged with possession of offensive material in violation of Code B-246, which is defined as:

> Unauthorized possession and/or display of any symbol, paraphernalia, photograph or any other item or behavior which is prohibited by Department of Correction policies, procedures or rules or which is offensive based upon an individual's gender, race, religion, ethnic or personal background or which may intimidate another person based upon their gender, race, religion, ethnic or personal background, such as materials relating to a security threat group.

Code B-246 contains no requirement that the drawings constitute "child pornography." The drawings need only be offensive for Welch to be guilty of violating Code B-246. Officer Cox found three pictures in Welch's property that he admits to drawing. Those pictures are attached as exhibits to the respondent's return to the order to show cause. One of the pictures depicts a young girl looking at her genitals. Another depicts a young boy performing fellatio on what appears to be a grown man. The boy's genitals are prominently featured in the drawing. The third picture depicts two young boys standing close together, both of whose genitals are visible in the drawing. The

Hearing Officer based the decision on the pictures, as well as staff reports and Welch's statement. This was "some evidence" to support the decision that these materials were offensive.

To the extent that Welch argues that the Hearing Officer was not impartial in violation of due process, he provides no support for this claim. Due process is violated when officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, also serve on the disciplinary board. *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995). Here, the Hearing Officer was not involved in any aspect of the events underlying the charge or its investigation. There is therefore no evidence that the Hearing Officer was unconstitutionally partial.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Welch's petition for a writ of habeas corpus must be **denied** and the action dismissed. Welch's motion for summary judgment [dkt 12] is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 1/25/16

Distribution:

DEMITRIUS LEVERETTE WELCH
195390
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels

1000 Van Nuys Road
NEW CASTLE, IN 47362

All electronically registered counsel